# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PAUL R. JAMES, JR.,

                Plaintiff,

        v.

OFFICIALS OF BETHEL JAIL, et al.,

                Defendants.

Case No. 3:22-cv-00269-JMK

## SCREENING ORDER

Paul R. James, Jr., a self-represented prisoner, filed a Prisoner's Complaint and an application to waive prepayment of the filing fee on February 2, 2023.[1] Plaintiff has also filed a "Motion for Compelling and Impeachment"[2] and two affidavits[3] that fail to comply with rules of civil procedure.[4] Plaintiff is cautioned that future non-procedurally compliant filings will not be considered. Nonetheless, the Court will consider these filings to the extent they flesh out some further detail

---

[1] Docket 6. Plaintiff's filing fee has now been paid in full (Receipt Nos. 100002167 and 100002170).

[2] Docket 5.

[3] Dockets 1-2.

[4] All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion and comply with the Local and Federal Rules of Civil Procedure.

as to the bases for his claims.[5]   The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner.   In this screening, a court shall dismiss the case at any time if the court determines that the action:

   (i)      is frivolous or malicious;

   (ii)     fails to state a claim on which relief may be granted; or

   (iii)    seeks monetary relief against a defendant who is immune from such relief.[6]

To determine whether a complaint states a valid claim for which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[7]   In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[8]   Rule 8 of the

---

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (reaffirming liberal construction of pro se pleadings after *Iqbal*).

[6] 28 U.S.C. § 1915A.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."   *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[8] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief."

A complaint should set out each claim for relief separately. Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] While a complaint need not, and should not, contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[10]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" [12]

---

[9] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[10] Id.

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:22-cv-00269-JMK, *James v. Officials of Bethel Jail, et al.*
Screening Order
Page 3 of 15
Case 3:22-cv-00269-JMK   Document 8   Filed 05/17/23   Page 3 of 15

**DISCUSSION**

Plaintiff names the Department of Corrections, Andrew Carl, and Superintendent Kargas as Defendants.[13] The Court takes judicial notice[14] of Plaintiff's criminal cases *State of Alaska vs. James,* Case Nos. 4EM-19-00027CR and 4EM-13-00134CR, his post-conviction relief Case No. 4BE-19-00457CI (in connection with 4EM-13-00134CR), and relevant court dockets available online.[15] The Court also takes judicial notice[16] of Plaintiff's related previous cases filed in this court, *James v. Corragein* [sic] *et al*[17] and *James v. Case, et al.*[18]

**RULE 8**

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]" While district courts "should be lenient in their

---

[13] Plaintiff also initially brought suit against unnamed "officials" at Bethel's Jail, but that defendant was terminated when Plaintiff filed an amended complaint. *See James v. Officials Bethel Jail et al,* Case No. 3:22-cv-269, Dockets 1, 6.

[14] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[15] Docket records from the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online through CourtView at https://courts.alaska.gov/main/search-cases.htm.

[16] A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[17] Case No. 3:19-cv-198-RRB, Docket 7 (9/30/19 Dismissal: Plaintiff seeks relief from defendants who are immune from suit, and his claims are barred by *Heck v. Humphrey).*

[18] Case No. 3:16-cv-126-RRB, Docket 3 at 4 (7/22/16 Dismissal: "this Court lacks subject matter jurisdiction.").

Case No. 3:22-cv-00269-JMK, *James v. Officials of Bethel Jail, et al.*
Screening Order
Page 4 of 15

interpretation of *pro se* pleadings, ... 'this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner.'"[19]  While Plaintiff does not need to include legal research or briefing, a "bare assertion" of an issue "does not preserve a claim, particularly when, as here, a host of other issues are presented for review."[20]   A complaint that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet the required pleading standard.  A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[21]   Regardless of "whether the complaint is wholly without merit," a court may dismiss a complaint that fails to comply with Rule 8.[22]

Read as a whole and liberally construed, Plaintiff's Complaint fails to state a claim for violation of his civil rights.  Plaintiff has not clearly set forth the factual allegations underlying his claims.  Further, he attempts to litigate under provisions of American law that do not provide private causes actions for civil suits or are not within the jurisdiction of a federal court.  Throughout his filings, he raises, among other things, verbal sexual harassment, discrimination based on race, violations of the Securities Act of 1934, antitrust violations, corporate price fixing, default awards, construction contracts, impeachment, homicidal negligence, indicia acts,

---

[19] *Mayfield v. Scribner*, 2008 WL 789926, at *5 (S.D. Cal. Mar. 21, 2008) (quoting *Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993)).

[20] *Greenwood v. Federal Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

[21] *Id.* (internal citations and quotations omitted).

[22] *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

"Indian law, Title 25" of the U.S.C., "human rights," the 14th Amendment, "inherent powers, necessary and proper clauses," real property, evictions, challenges his conviction and the validity of child custody and deportations, and claims the Bethel Court system is trying to force him and his wife to divorce.[23]

Courts cannot "manufacture arguments for an appellant."[24] Rather, the Court will "review only issues which are argued specifically and distinctly."[25] As pled, Plaintiff's Complaints "lack[ ] an arguable basis in either in law or in fact."[26] Nonetheless, the Court now provides the following guidance to assist Plaintiff in the event Plaintiff elects to file an amended complaint. If Plaintiff elects to file an amended complaint, Plaintiff should state the facts in his own words, as if he were briefly and concisely telling someone what happened.

## WRIT OF HABEAS CORPUS

On his application to proceed without prepaying the filing fee, Plaintiff declared he was a "Petitioner for writ of habeas corpus." Throughout his filings, Plaintiff includes references to his criminal state court cases and lists their case numbers.[27] While Plaintiff does not specifically request release from confinement,

---

[23] *See generally,* Dockets 1, 5, and 6.

[24] *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)).

[25] *Id.*

[26] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[27] *See, e.g.,* Dockets 1, 5.

to the extent he seeks invalidation of his conviction or to challenge his pending charges, a writ of habeas corpus is improper in a civil rights action. When an incarcerated individual seeks to challenge the very fact or duration of their physical imprisonment, and seeks immediate or speedier release, their sole federal remedy is a writ of habeas corpus.[28]

## CRIMINAL LAWS

Plaintiff's motion and affidavits contain references to impeachment, murder, tampering with evidence and others that appear to be of a criminal nature. When a criminal statute is violated, the question of whether to prosecute and what criminal charges to file or bring are decisions vested in the discretion of a prosecutor.[29] Criminal statutes generally do not provide any express private cause of action or other basis for civil liability, and the Supreme Court has noted that a private right of action under a criminal statute has rarely been implied.[30] The Court does not have subject matter jurisdiction over any of Plaintiff's criminal claims, and Plaintiff's motion at Docket 5 is DENIED.

---

[28] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[29] *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

[30] *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). *See also Ellen v. Stamm*, 1991 WL 270788 (9th Cir. 1991) ("It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person.") (citing *Maine v. Taylor*, 477 U.S. 131, 137 (1986).

Case No. 3:22-cv-00269-JMK, *James v. Officials of Bethel Jail, et al.*
Screening Order
Page 7 of 15
Case 3:22-cv-00269-JMK   Document 8   Filed 05/17/23   Page 7 of 15

## CIVIL RIGHTS COMPLAINTS UNDER 42 U.S.C. § 1983

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[31]   To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[32]   To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[33]

## I.    Defendants

### A. The Department of Corrections

The State of Alaska and state agencies, such as DOC, are not considered "persons" under Section 1983.[34]   The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency agrees to waive its

---

[31] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[32] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[33] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[34] Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989).

immunity.[35]   Accordingly, Plaintiff cannot maintain a Section 1983 claim against the Department of Corrections.

### B. Andrew Carl and Superintendent Kargas

Individuals employed by the Department of Corrections are "persons" acting under color of state and may be named as defendants in a Section 1983 case. However, there can be no personal capacity liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.[36]   Vague and conclusory allegations of participation in civil rights violations are not sufficient.[37]   To state a claim, a complaint must demonstrate that a defendant caused the plaintiff harm.[38]   Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.

---

[35] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[36] *Rizzo,* 423 U.S. at 371; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

[37] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[38] To establish Article III standing, a plaintiff must show that (1) he has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical, (2) the injury is fairly traceable to the challenged action of the defendant, and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. U.S.C.A. Const. Art. 3, § 2, cl. 1.

## II.    Causes of Action

Although Plaintiff's narratives are difficult to follow, the Court analyzes, to the best of its ability, potential issues it sees in the Complaints, as well as claims Plaintiff may be attempting to raise.  The Court will not address every legal theory Plaintiff attempts to include, especially when unaccompanied by any facts that could support a claim.  From what the Court can discern, Plaintiff alleges sexual harassment and violations of due process.

### 1. Sexual Harassment

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment."[39]   In evaluating a prisoner's claim, courts consider whether "the officials act[ed] with a sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation.[40]   The Eighth Amendment protects "the basic concept of human dignity" and forbids conduct that is "so totally without penological justification that it results in the gratuitous infliction of suffering." [41]  A sexual assault on a prisoner by a prison guard is always "deeply 'offensive to human dignity'" and is completely void of penological justification.[42]  However, mere verbal harassment

---

[39] *Wood v. Beauclair,* 692 F. 1041, 1046 (9th Cir. 2012) (citations omitted).

[40] *Hudson,* 503 U.S. at 8.

[41] *Gregg v. Georgia,* 428 U.S. 153, 182–83 (1976).

[42] *Schwenk,* 204 F.3d at 1196.

or abuse, without more, is not enough to state a constitutional deprivation under Section 1983.[43]   Therefore, Plaintiff's claims regarding Defendant Andrew Carl Karl's comments about drinking breastmilk[44] are not actionable.   If, however, Plaintiff has more facts to add to this claim, he may add them in any amended complaint he may file.

### 2. Due Process

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law."[45]   In order to analyze a procedural due process claim, we engage in a two-step analysis:  First, a court must determine whether the inmate was deprived of a constitutionally protected liberty or property interest.   Second, a court examines whether that deprivation was accompanied by sufficient procedural protections.[46] In order to determine whether the procedural protections provided are sufficient at the second step, we look to (1) the private interest affected; (2) the risk of an

---

[43] *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *see also Austin v. Terhune,* 367 F.3d 1167, 1171-72 (9th Cir. 2004) (stating Eighth Amendment protections do not necessarily extend to verbal sexual harassment); *Gaut v. Sunn,* 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong."); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (stating verbal threats, name calling not usually actionable under Section 1983).

[44] Case No. 3:22-cv-00269-JMK, Docket 6 at 4.

[45] U.S. Const. amend. XIV, § 1.

[46] *See United States v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022).

erroneous deprivation and the probable value of any additional or substitute procedural safeguards; and (3) the government's interest.[47]

Plaintiff alleges his due process rights were violated, but his conclusory allegations, alone and without more, are not sufficient to show violation of his due process rights. As explained above, to the extent Plaintiff challenges deprivation of his liberty due to his incarceration, he must file a separate habeas petition. If Plaintiff chooses to amend his complaint, he must plead facts sufficient to support a deprivation of constitutionally protected liberty or property interest. Plaintiff must link *each* named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights and provide *the factual basis* for each violation.

## CONCLUSION

Plaintiff fails to plead sufficient plausible facts to support a civil rights action under Section 1983. Although amendment may be futile in this case, in the interest of justice, the Court grants leave to amend in the accordance with the guidance provided herein. In any amended complaint, Plaintiff must describe to the extent possible, what each separate defendant did to violate his rights; where and when the wrongful conduct occurred; the harm that Plaintiff suffered from each defendant's acts or omissions; and the constitutional right or statute that each defendant violated. It is not necessary for Plaintiff to cite case law, include legal

---

[47] *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

argument, or attach exhibits at this stage of the litigation. Plaintiff is advised to omit any claims for which he lacks a sufficient legal or factual basis. The Court discourages the filing of any motions or additional documents with the court until the Court has screened any amended complaint and issued a screening order.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at Docket 6 in Case No. 3:22-cv-00269-JMK is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted**.** The Court will grant leave to amend in accordance with the guidance provided in this order.

2. Plaintiff's application to waive prepayment of the filing fee at Docket 4 is **DISMISSED as moot.**

3. Plaintiff's motion at Docket 5 is **DENIED**.

4. Plaintiff is accorded **30 days** to file one of the following:

   a. First Amended Complaint, in which Plaintiff restates his claims to address the deficiencies identified in this order. Plaintiff must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended complaint will be considered waived.; OR

   b. Notice of Voluntary Dismissal, which would inform the Court that Plaintiff no longer wishes to pursue his lawsuit and would dismiss

the entire action.  A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

5. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form within 30 days, this action may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.  This dismissal would count as a "strike" against Plaintiff under § 1915(g).[48]

6. At all times, Plaintiff must keep the Court informed of any change of address.  Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS."  This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case.  Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure without further notice to Plaintiff.

7. Each litigant is responsible for keeping a copy of each document filed with the Court.  When a litigant mails a document to the Court, the Court will mail to the litigant a Notice of Electronic Filing ("NEF") that will indicate when that document was filed on the docket and the docket

---

[48] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page, In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

8. The Clerk of Court is directed to send Plaintiff the following forms with this order (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "*Representing Yourself in Alaska's Federal Court.*

DATED this 17th day, of May 2023 at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
UNITED STATES DISTRICT JUDGE
