IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL R. JAMES, JR., <br><br> Plaintiff, <br><br> v. <br><br> OFFICIALS OF BETHEL JAIL, et al., <br><br> Defendants. | Case No. 3:22-cv-00269-JMK |

**NOTICE OF INTENT TO DISMISS**

Paul R. James, Jr., a self-represented prisoner ("Plaintiff"), filed an "Affidavit Regarding Tampering with Evidence Sexual Harassments" and a "Civil Rule 4(f) Affidavit Summons."[1] The Court notified him his filing was deficient and sent him a copy of the Court's template complaint form.[2] Then, Plaintiff filed a civil rights complaint ("Complaint") and an application to waive prepayment of the filing fee.[3] The Court screened the Complaint, found it deficient, but granted leave to amend.[4] The Court also cautioned that non-procedurally compliant filings will not be considered. Plaintiff then filed a First Amended Complaint, which upon review,

---

[1] Dockets 1–2.

[2] Docket 3.

[3] Docket 6. Plaintiff's filing fee has now been paid in full (Receipt Nos. 100002167 and 100002170). Federal law requires that a prisoner may only waive prepayment of the fees associated with civil lawsuits, regardless of the outcome. *See e.g., Antonetti v. Foster,* No. 3:14-cv-495-JAD-VPC, 2015 WL 6437399, at *3 (D. Nev. Oct. 22, 2015) ("Plaintiff will ... be required to make monthly payments toward the full filing fee when he has funds available, even though this case is being dismissed.").

[4] Docket 8.

suffers from the same deficiencies. Plaintiff also filed a motion to appoint counsel, a "Notice Power of Attorney Agreement," and an "Affidavit Motion for Compelling and Press for Alaska Police Training Fund."[5]

Read as a whole and liberally construed, Plaintiff's First Amended Complaint also fails to state a claim for violation of his civil rights. Additionally, the First Amended Complaint and subsequent filings fail to comply with the Federal Rules of Civil Procedure and the Court's previous Screening Order. Because the Court has already provided Plaintiff with information and the opportunity to cure the deficiencies in his Complaint,[6] the Court finds amendment would be futile. However, in the interest of justice, the Court accords Plaintiff an opportunity to voluntarily withdraw this case to avoid receiving a strike under 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED:**

1. Plaintiff has **30 days** from the date of this order to file a notice of voluntarily dismissal of this action in order to avoid receiving a strike under 28 U.S.C. § 1915(g).

2. If Plaintiff does not file a notice of voluntary dismissal within 30 days, the Court will dismiss the action without further notice to Plaintiff. This dismissal

---

[5] Dockets 11–14.

[6] Docket 11.

Case No. 3:22-cv-00269-JMK, *James v. Officials of Bethel Jail, et al.*
Notice of Intent to Dismiss
Page 2 of 3
Case 3:22-cv-00269-JMK   Document 16   Filed 11/20/23   Page 2 of 3

would count as a "strike" against Plaintiff under § 1915(g)[7]; whereas, a voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

3. All pending motions are **DENIED as moot**.

4. The Clerk is directed to send a Notice of Voluntary Dismissal (Form PS90) with this order.

DATED this 20th day of November, 2023, at Anchorage, Alaska.

                               */s/ Joshua M. Kindred*
                               JOSHUA M. KINDRED
                               UNITED STATES DISTRICT JUDGE

---

[7] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:22-cv-00269-JMK, *James v. Officials of Bethel Jail, et al.*
Notice of Intent to Dismiss
Page 3 of 3
Case 3:22-cv-00269-JMK   Document 16   Filed 11/20/23   Page 3 of 3