IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL R. JAMES, JR.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICIALS OF BETHEL JAIL, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:22-cv-00269-JMK |

## ORDER OF DISMISSAL & NOTICE OF STRIKE

Paul R. James, Jr., a self-represented prisoner ("Plaintiff"), filed an "Affidavit Regarding Tampering with Evidence Sexual Harassments" and a "Civil Rule 4(f) Affidavit Summons."[1] The Court notified him his filing was deficient and sent him a copy of the Court's template complaint form.[2] Then, Plaintiff filed a civil rights complaint ("Complaint") and an application to waive prepayment of the filing fee.[3] The Court screened the Complaint, found it deficient, but granted leave to amend.[4] The Court also cautioned that non-procedurally compliant filings will not be

---

[1] Dockets 1-2.

[2] Docket 3.

[3] Docket 6. Plaintiff's filing fee has now been paid in full (Receipt Nos. 100002167 and 100002170). Federal law requires that a prisoner may only waive prepayment of the fees associated with civil lawsuits, regardless of the outcome. *See e.g., Antonetti v. Foster,* No. 3:14-cv-495-JAD-VPC, 2015 WL 6437399, at *3 (D. Nev. Oct. 22, 2015) ("Plaintiff will ... be required to make monthly payments toward the full filing fee when he has funds available, even though this case is being dismissed.").

[4] Docket 8.

considered.[5] Plaintiff then filed a First Amended Complaint, a motion to appoint counsel, a "Notice Power of Attorney Agreement" and an "Affidavit Motion for Compelling and Press for Alaska Police Training Fund."[6] The Court screened the First Amended Complaint, found it deficient, and found amendment would be futile.[7] However, in the interests of justice, the Court accorded Plaintiff an opportunity to voluntarily withdraw this case to avoid receiving a strike under 28 U.S.C. § 1915(g).[8] Plaintiff has since filed several documents that fail to comply with the Federal Rules of Civil Procedure and the Court's previous orders.[9]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED** with prejudice.

2. This dismissal counts as a "strike."[10]

3. After three strikes, a prisoner may no longer bring suits in federal courts without prepayment of the filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury."[11]

---

[5] Docket 8 at 1.

[6] Dockets 11-15.

[7] Docket 16.

[8] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, maliciousness, or failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

[9] Dockets 17-18.

[10] 28 U.S.C. § 1915(g).

[11] *Id. See also Andrews v. Cervantes,* 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit); *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by a federal court).

Case No. 3:22-cv-00269-JMK, *James v. Officials of Bethel Jail, et al.*
Ordre of Dismissal
Page 2 of 3
Case 3:22-cv-00269-JMK   Document 19   Filed 01/22/24   Page 2 of 3

4. All pending motions are **DENIED as moot.**

5. The Clerk of Court shall issue a final judgment.

DATED this 22nd day of January, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00269-JMK, *James v. Officials of Bethel Jail, et al.*
Ordre of Dismissal
Page 3 of 3
Case 3:22-cv-00269-JMK    Document 19    Filed 01/22/24    Page 3 of 3